United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YUSNIEL FORTE PADRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-5219 |
| | § | |
| TODD BLANCHE, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER

Pending before the Court is Defendants' Motion to Dismiss as Moot in Light of Plaintiff's Approved Application (Document No. 16). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

I. BACKGROUND

This is an immigration matter. On July 1, 2024, Plaintiff Yusneil Fort Padron ("Plaintiff") brought this action contending his I-485 Application to Register Permanent Residence or Adjust Status has been pending for three years. Plaintiff "seeks an order compelling Defendants to immediately grant or deny his application for adjustment of status."[1] On October 14, 2026, Defendants confirmed that the

[1] *Plaintiff's Complaint*, Document No. 1 at 9.

United States Citizenship and Immigration Services ("USCIS") adjudicated and approved Plaintiff's I-485 application on September 22, 2026.[2]

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

## III. LAW & ANALYSIS

Defendants contend that "this case is now moot" and move to dismiss for lack of subject matter jurisdiction. Plaintiff did not respond to Defendants' motion to dismiss, therefore failing to rebut or offer evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

Federal courts do not have authority over moot claims, that is, claims where "a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) (citation omitted).

[2] *See Defendants' Motion to Dismiss as Moot in Light of Plaintiff's Approved Application*, Document No. 16, Exhibit 1 at 1.

Here, the Court finds that, in light of USCIS adjudicating and approving Form I-485, Plaintiff's claims regarding delay are now moot. Because the only relief requested in this matter is an order requiring adjudication of the Form I-485, the Court finds that Plaintiff's matter is moot in its entirety. Considering the clear precedent of the Fifth Circuit that federal courts do not have authority over moot claims, the Court finds that Plaintiff's matter should be dismissed for lack of subject matter jurisdiction, and thus, Defendants' motion should be granted.

IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss as Moot in Light of Plaintiff's Approved Application (Document No. 16) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against all Defendants are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this 10 day of November, 2026.

DAVID HITTNER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YUSNIEL FORTE PADRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-5219 |
| | § | |
| TODD BLANCHE, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINAL JUDGMENT**

For the reasons set forth in the Court's Order entered on this date, Plaintiff's action is **DISMISSED**.

**THIS IS A FINAL JUDGMENT**.

The Clerk shall provide a copy of this Final Judgment to the parties.

SIGNED at Houston, Texas, on this 10 day of November, 2026.

DAVID HITTNER
United States District Judge